IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETRU AMAREI, d/b/a | ) | |
| U.S. TAX EXPRESS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 2805 |
| | ) | |
| v. | ) | Hon. John Z. Lee |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Petru Amarei, a tax preparer, sues Defendant, the City of Chicago ("the City"), for various constitutional violations related to the City's Tax Preparer Ordinance, Municipal Code § 4-44 ("the Ordinance"). On prior occasions, the Court dismissed Amarei's Second Amended Complaint and most of his Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15(a)(2), respectively. *See* 3/21/14 Order; 3/5/15 Order. Amarei has now filed a Fourth Amended Complaint, which the City moves to dismiss pursuant to Rule 12(b)(6). For the following reasons, that motion is granted in part and denied in part.

## Factual Background

The Ordinance at issue in this case requires tax preparers in the City of Chicago to provide their customers with a copy of the City's Consumer Bill of Rights Regarding Tax Preparation Services and a disclosure form prior to discussing tax matters with them. *See* § 4-44-030(a). The disclosure form must be approved annually by the City and contain five things: a list of services provided by the preparer, the corresponding fees associated with those services, an estimate of the total charge to the consumer, an estimate of the time it will likely take to receive any tax refund, and a certification verifying that the tax preparer has reviewed all the

required disclosures with consumer. *See* § 4-44-030(a)–(b). According to Amarei, these disclosure requirements violate his First Amendment rights by interfering with his ability to engage in commercial speech with customers.

## **Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## **Analysis**

All that remains of Amarei's previous complaints is Count VII. *See* 4th Am. Compl. ¶¶ 133–70. Count VII, although presented as one count, in fact contains two separate claims. *Id.* The first part of Count VII alleges that the Ordinance is an unconstitutional restriction on commercial speech, insofar as it compels speech on his behalf in the form of the mandatory disclosures and interferes with his ability to engage in commercial speech with his customers. The second part of Count VII contends the Ordinance is an impermissible prior restraint, as it

restricts his ability to engage in commercial speech until the City annually approves his disclosure form.

I. **Compelled Speech**

In a prior order, this Court declined to dismiss the first part of Count VII. *See* 3/5/15 Order 4. In its analysis, the Court applied the four-part test outlined in *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 562–63 (1980), which is a form of intermediate scrutiny. *See Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 623 (1995). The City argues the Court erred in applying *Central Hudson*, however, and urges the Court to instead apply the less-exacting "reasonable relationship" standard established by *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626 (1985). *See* Def.'s Mem. 5–8.

At issue in *Zauderer* was whether the First Amendment permitted Ohio to sanction an attorney for an advertisement that failed to disclose the percentages associated with his contingency-fee agreement, as required by an Ohio disciplinary rule. *Zauderer*, 471 U.S. at 633. In finding that the Ohio disciplinary rule was constitutionally permissible, the Supreme Court noted that the interest to the attorney "in not providing any particular factual information in his advertising is minimal." *Id.* at 651. Thus, "an advertiser's rights are adequately protected as long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers." *Id.*

The difference between this case and *Zauderer* is apparent; here, the City does not seek to sanction Amarei for an advertisement, but seeks to prevent the dissemination of misleading information by requiring certain disclosures before he provides services. This Court previously applied *Central Hudson* based upon the reasoning stated in *R.J. Reynolds Tobacco Co. v. Food & Drug Admin.*, 696 F.3d 1205, 1214 (D.C. Cir. 2012) ("[A] disclosure requirement is only

3

appropriate if the government shows that, absent a warning, there is a self-evident—or at least 'potentially real'—danger that an advertisement will mislead consumers."). There, the D.C. Circuit held that *Zauderer* applied only to situations in which the relevant government action aims to correct an *existing and potentially misleading* advertisement. Order 3/21/14 n.3. The D.C. Circuit, however, has since overruled *Reynolds*, prompting the Court to revisit the issue. *See Am. Meat Inst. v. U.S. Dep't of Agric.*, 760 F.3d 18, 22–23 (D.C. Cir. 2014) (expressly overruling *R.J. Reynolds Tobacco Co.* in this regard).

The First and Second Circuits join the D.C. Circuit in holding that the *Zauderer* standard applies when reviewing the constitutionality of forced disclosures in a commercial context, regardless of whether those disclosures seek to correct a preexisting, misleading advertisement. *See Pharm. Care Mgmt. Ass'n v. Rowe*, 429 F.3d 294, 310 (1st Cir. 2005) (applying *Zauderer* to compelled disclosures by pharmacy benefit managers to clients); *New York State Rest. Ass'n v. New York City Bd. of Health*, 556 F.3d 114, 132 (2d Cir. 2009) (applying *Zauderer* to disclosure of calorie counts on menus). Adopting a more restrictive reading of *Zauderer*, the Sixth Circuit, however, declined to extend *Zauderer*'s application beyond its facts. *See Disc. Tobacco City & Lottery, Inc. v. United States*, 674 F.3d 509, 524 (6th Cir. 2012) (declining to apply *Zauderer* to law mandating cigarette warning labels). The Seventh Circuit has not explicitly adopted either approach, but its most recent case applying *Zauderer* suggests that it would agree with the majority view.

In *Entertainment Software Association v. Blagojevich*, the Seventh Circuit examined an Illinois law requiring video game retailers to affix a large sticker on the packaging of certain games that contain sexually explicit material. 469 F.3d 641, 643 (7th Cir. 2006). There, the government argued that the purpose of the law was to inform parents of a game's potentially

4

offensive content and not to correct any existing false advertisement.  Noting that *Zauderer* "allowed states to require the inclusion of 'purely factual and uncontroversial information . . . as long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers,'" the Seventh Circuit opined that "[t]he question that we must answer is whether the . . . labeling and signage requirements are compelled speech in violation of the Constitution or simply requirements of purely factual disclosures." *Id.* at 652 (citation omitted). Ultimately, the court determined that the language in question was not purely factual in nature and did not apply *Zauderer*. *Id.*  But its reasoning indicates the Seventh Circuit's approval of *Zauderer*'s application even in the absence of potentially misleading statements.  Consequently, the Court agrees with the City that *Zauderer* provides the relevant analysis here.

Applying *Zauderer*, the Court finds the Ordinance survives Amarei's facial challenge. First, the required disclosures contain only the sort of uncontroversial factual information that *Zauderer* contemplated: a list of services rendered by the tax preparer, a list of corresponding prices, the estimated time a customer can expect to receive a refund, and a short certification statement.  Moreover, the disclosures quite clearly further the City's goal of preventing tax preparers from taking advantage of customers with "hidden fees, false advertising, and the recommendation of unnecessary and expensive tax refund products." *See* Pl.'s Mem. 9–10.  It goes without saying that an unscrupulous tax preparer would find it far more difficult to defraud consumers in such a manner if said consumers had previously been apprised of the precise services being rendered and their total cost.  In short, the disclosures merely arm the consumer with the basic facts necessary to prevent fraud, and thus meet *Zauderer*'s "reasonable relationship" standard.

That said, it should be noted that, despite its "reasonable relationship" language, *Zauderer* is not a form of rational basis review. And although the D.C. Circuit noted that under *Zauderer*, "the government's burden . . . is to show a 'reasonable fit' between . . . means and end," *Am. Meat Inst.*, 760 F.3d at 26 (internal citations omitted), it is unclear whether the Seventh Circuit would adopt this "reasonable fit" standard. *See Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 233 F.3d 981, 994 (7th Cir. 2000) (stating that disclosure requirements must "be no broader than necessary to prevent the [deception]"). In any event, the Court concludes that the ordinance in question would meet even the "no broader than necessary" standard. The requirements are closely aimed at preventing consumer deception, and Amarei has failed to explain how the content of the disclosures might otherwise interfere with lawful forms of commercial speech.

Nor, for that matter, are the Ordinance's requirements particularly burdensome. All it asks is that a tax preparer spend a few short moments discussing the disclosures with the consumer and have the forms approved once annually via email. Indeed, the only burden Amarei truly complains of is that the disclosure requirement would prohibit him from engaging in commercial speech in the rare situation a potential customer approached him for tax advice while he was not in his office. *See* Resp. ¶ 7. The Court previously addressed these concerns in a prior order with respect to Count IV. *See* 3/5/15 Order 3. And in any event, to the extent the Ordinance might prevent Amarei from giving on-the-fly tax preparation services to a passerby, the impact is quite frankly minimal; even in the off-chance someone should seek his services in a public place or outside his office, it is hardly a significant burden for Amarei to schedule a future meeting to go over the necessary disclosures. For these reasons, Amarei's facial challenge fails under *Zauderer*, and the Court dismisses the first part of Count VII, with prejudice.

## II. Prior Restraint

Amarei also argues the Ordinance is an impermissible prior restraint, as the City indefinitely suppresses his ability to engage commercial speech while it approves his disclosure form. A prior restraint can be established by the following four characteristics:

> (1) [T]he speaker must apply to the decision maker before engaging in the proposed communication; (2) the decision maker is empowered to determine whether the applicant should be granted permission on the basis of its review of the content of the communication; (3) approval of the application requires the decision maker's affirmative action; and (4) approval is not a matter of routine, but involves appraisal of facts, the exercise of judgment, and the formation of an opinion by the decision maker.

*Samuelson v. LaPorte Cmty. Sch. Corp.*, 526 F.3d 1046, 1051 (7th Cir. 2008). Moreover, "[a] scheme that fails to set reasonable time limits on the decisionmaker" can be unlawful as it "creates the risk of indefinitely suppressing permissible speech." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 227 (1990).

In his Fourth Amended Complaint, Amarei pleads that in January 2013 he filed with the City a disclosure form for approval. Compl. ¶ 135. The City never approved that form, nor did it reject it; the City simply took no action. *Id.* After attempting to engage in his practice as a tax preparer, Amarei was fined by the City. *Id.* ¶ 136. Amarei submitted another disclosure form in March 2013, which was approved only a short time before the April deadline for filing taxes. *Id.* Perhaps further factual development will show that the City is required to provide a reasonable prompt response and it did so here, but construing all allegations in Amarei's favor (as the Court must here at this stage), the Court finds that he has pleaded enough to state a plausible claim.

## Conclusion

For these reasons, Defendant's motion to dismiss [63] is granted in part and denied in part. To the extent Count VII raises a facial challenge to the Ordinance for restricting

commercial speech through mandatory disclosures, it is dismissed with prejudice. In all other respects, the motion is denied.


**SO ORDERED**               **ENTER: November 17, 2015**


                              /s/ John Z. Lee
                             **JOHN Z. LEE**
                             **United States District Judge**