**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PETRU AMAREI, d/b/a U.S TAX EXPRESS, LTD.,** | ) | **Case No. 13 C 2805** |
| **Plaintiff,** | ) | **Judge John Z. Lee** |
| **v.** | ) | **Magistrate Judge M. David Weisman** |
| **CITY OF CHICAGO,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

M. David Weisman, Magistrate Judge

Plaintiff Petru Amarei, a tax preparer, has sued defendant, the City of Chicago ("the City"), for allegedly infringing on his First Amendment rights. At this stage of the litigation, Mr. Amarei's lone remaining claim is that the City's Tax Preparer Ordinance, Municipal Code § 4-44, constitutes an impermissible prior restraint by indefinitely suppressing his ability to engage in commercial speech while the City evaluates certain required disclosures. (*See* Order 11/17/15, Dkt. 76.)

The parties brought four motions to resolve various discovery disputes: (1) Plaintiff's Motion to Compel Defendant to Produce Responses to Requests for Production ("plaintiff's motion to compel") [Dkt. 92]; (2) Defendant City of Chicago's Motion to Compel Plaintiff's Deposition and Discovery Responses ("the City's motion to compel") [Dkt. 95]; Plaintiff's Motion to Strike Defendant's Motion to Compel [Dkt. 99]; and (4) Plaintiff's Motion to Extend Discovery [Dkt. 101]. The Court addresses the motions in turn, with the exception of plaintiff's motion to strike, which plaintiff withdrew at oral argument.

**Local Rule 37.2**

Prior to addressing the merits of the motions, the Court notes that both parties raise issues concerning Local Rule 37.2, which mandates a "meet and confer" prior to filing motions to compel. *See* LR 37.2 (purpose of meet and confer requirement is to "curtail undue delay and expense in the administration of justice"). The City complains that plaintiff's counsel failed to meet and confer as required by LR 37.2 prior to filing its motion to compel production. (Dkt. 94, p. 3-4.) Likewise, plaintiff states that the City failed to meet and confer prior to filing its motion to compel various discovery responses. (Dkt. 99, p. 1.) As counsel well know, LR 37.2 exists to avoid unnecessary litigation over issues that the parties could resolve through good-faith efforts. The rule is an important tool in avoiding unnecessary consumption of resources in order to resolve otherwise avoidable discovery disputes. That said, it is apparent from the number of filings and the divergent views expressed therein that additional efforts at resolution would not have avoided court intervention. So, while the parties may not have strictly adhered to the mechanics of LR 37.2, the spirit of the rule largely was met.[1]

**Plaintiff's Motion to Compel**

Plaintiff's motion to compel seeks two forms of relief. First, plaintiff seeks the City's removal of redactions of the email addresses in emails previously produced by the City. (Dkt. 92, p. 4.) These essentially consist of emails sent to BACPtaxdisclosure@cityofchicago.org from December 18, 2012 until on or about March 9, 2016. (*See id.*, p. 3-4.) In his written submission, plaintiff offers little explanation as to why the email addresses of other submitters are relevant to his claim. *See* Fed. R. Civ. P. 26(b); (Dkt. 105, ¶ 12 (arguing that other

[1] The Court notes, however, that the parties came to an agreement in open court on certain of the discovery issues in dispute. Indeed, plaintiff withdrew his motion to strike [Dkt. 99] at the end of the hearing. Perhaps had the parties fully complied with LR 37.2, they could have narrowed the issues before the Court in advance of the motion hearing. In any event, the Court considers the LR 37.2 considerations moot at this point.

individuals who submitted tax preparer forms to the City are "potential witnesses")). At oral argument on the issue, plaintiff's counsel asserted that if other tax preparers had difficulty completing the disclosure forms submitted to the City, their collective difficulty would help plaintiff prove his case. The Court questions this logic, as plaintiff failed to articulate a nexus between such collective difficulty and the City's alleged failure to promptly approve plaintiff's own disclosure form. Even assuming this nexus existed, it is the substance of the emails, which the City produced, that would indicate whether tax preparers had difficulty completing the forms. It is not clear, on the other hand, how one would garner that information from identifying the corresponding email addresses plaintiff seeks.

The City argued orally that plaintiff's counsel is attempting to "gin up" more business by identifying potential future claimants. Looking to *Kernats v. Comcast Corp.,*No. 09-C-3368, 2010 WL 8742753 (N.D. Ill. Jan. 14, 2010) (Kendall, J.) and *Arango v. Landry's Inc.*, No. 12-C-9354, 2013 WL 3671704 (N.D. Ill. July 12, 2013) (St. Eve, J.) as authority, the City contended the Court should not allow discovery in order to identify potential class members when there is no motion for class certification pending.

As an initial matter, there are two significant factors at play here. First, plaintiff did not argue that he seeks the names of other tax preparers to identify a potential class of claimants. To the contrary, plaintiff argued that he needs the email addresses to prove his own case. Second, the district court has already considered and denied plaintiff's motion for class certification. (Dkt. 31.) Thus, while other cases have allowed broader discovery to explore class certification issues, *e.g., Drake v. Aerotek, Inc.*, No. 14-CV-216-BBC, 2014 WL 7408715 (W.D. Wis. Dec. 30, 2014); *Loy v. Motorola, Inc.*, No. 03-C-50519, 2004 WL 2967069 (N.D. Ill. Nov. 23, 2004), here, plaintiff neither relies on class certification as a basis to justify his discovery request, nor

does plaintiff have a "live issue" of class certification to justify broader discovery. Accordingly, the Court denies plaintiff's motion to compel as to the production of associated email addresses.

The Court finds additional support for denial of plaintiff's motion to compel as to the production of the email addresses because the information sought is readily available by alternative means. As noted in *Kernats*, an important factor to consider is whether the plaintiff would have access to this information from some other source. *Kernats*, 09-C-3368, 2010 WL 8742753, at *2 (N.D. Ill. Jan. 14, 2010). In other words, plaintiff's ability to easily identify other tax preparers absent discovery weighs against plaintiff's need for such discovery from the City. A quick Google search of "Tax Preparer City of Chicago" produced a bevy of results. And, of course, other search sites such as Yelp and Thumbtack had their own lists of providers. Thus, the City's decision to redact the email addresses of other tax service providers does not prevent plaintiff from finding this same information from other easily accessible sources. The Court therefore finds that requiring the City to undo its redactions is overly burdensome under these limited circumstances.

The City's willingness to redact the email addresses in the first place, however, impacts the Court's view of plaintiff's second request that the City produce the disclosure forms submitted by other tax preparers. The City objects on the grounds of burden, proportionality, and relevance. The City further argues that the prices charged by various tax preparers are "proprietary" and should be redacted, rendering the request additionally burdensome. As to this final point, the Court is not persuaded that additional redaction by the City would be "overly burdensome" when the City engaged in seemingly unrequired redaction of the email addresses in the first instance.

In light of the foregoing considerations, plaintiff's motion to compel as to the production of the disclosure documents submitted by other tax preparers to the City pursuant to the ordinance is entered and continued subject to plaintiff demonstrating both relevance and proportionality as explained below.

Plaintiff's sole remaining claim is that the City's ordinance is an impermissible prior restraint on commercial speech. (Dkt. 76.) Plaintiff alleges that he filed with the city a disclosure statement in January 2013 to which the City failed to respond. (*Id.*, p. 7.) After the City fined plaintiff, he submitted "another disclosure form in March 2013, which was approved only a short time before the April deadline for filing taxes." (*Id.*)

As part of its own motion to compel, addressed by the Court in full below, the City argues that plaintiff has "never produced a single document indicating that he submitted a disclosure from for approval in January 2013." (Dkt. 95, p. 4, ¶ 8.) Before this Court, the City further stated that it promptly approved plaintiff's disclosure form once it was received.

This fact is pivotal to resolving whether discovery of other tax preparers' disclosure forms is appropriate given the relevance and proportionality considerations required by Rule 26 in defining the proper scope and relative burdens of discovery. The Court's calculus substantially turns on the evidence of plaintiff's initial form submission and the City's response or lack thereof. Accordingly, the Court directs the parties to submit within seven days of this order parallel filings that include documents demonstrating that plaintiff submitted his disclosure form in January 2013 and never heard back and/or that the City promptly approved (or at a minimum responded to) plaintiff's disclosure form once it received the form. Based on these submissions, the Court will determine the propriety of plaintiff's motion to compel as to the production of other tax preparer's disclosure forms.

## **Defendant's Motion to Compel**

The City filed a motion to compel a number of discovery responses. The Court addresses each in turn.

**Interrogatory #5**

The City seeks the identity of all businesses operated by plaintiff and other related information for purposes of assessing any damages claimed. (Dkt. 95, p. 2.) Plaintiff objected on relevancy grounds but withdrew that objection during the court hearing. Thus, plaintiff shall answer this interrogatory within ten days of this order.

**Interrogatory #7**

The City requests an accounting of the number of tax returns prepared by plaintiff from January 2012 to present in order to assess any damages claimed. (*Id.*) The Court finds that the number of tax returns plaintiff prepared in recent tax years is directly relevant to calculating the amount of business lost as a result of the alleged delayed approval. The request does not pose an undue burden, as tax preparers likely keep such information in the routine course of business. Accordingly, the Court grants the City's request, and plaintiff shall answer this interrogatory within ten days of this order.

**Interrogatory #8**

The City seeks the annual revenue generated by plaintiff from his tax preparation services for each year from January 1, 2011 to present. (*Id.*) Plaintiff withdrew his objection to this interrogatory and agreed to provide this information for tax years 2011 and 2012. The City agreed to limit the scope of its request to tax years 2011 and 2012. Plaintiff therefore shall provide the annual revenue from his tax preparation services for those tax years within ten days of this order.

**Interrogatories #10 and #11**

The City requests that plaintiff identify documents that demonstrate plaintiff submitted his disclosure form to the City in January 2013. (*See id*., p. 2-3.) Plaintiff responded to the interrogatories by identifying (apparently) business records. (*See id.*, Ex. 2, p. 4-5, ¶¶ 10-11); *see also* Fed. R. Civ. P. 33(d) (allowing parties to produce business records in answering interrogatories). The City complains that the documents identified by plaintiff are not actually responsive because none of them shows a disclosure form submission in January 2013.

While Federal Rule of Civil Procedure 37(a)(4) treats an incomplete disclosure, answer, or response as a failure to disclose, answer, or respond, the record before this Court does not provide a sufficient basis to establish an incomplete response. Rather, plaintiff asserts he has directed the City to those documents that exist. The issue is therefore the existence vel non of additional documents, and the Court cannot compel plaintiff to produce what does not exist.

Plaintiff is already suffering the consequences of his inability to point to documents demonstrating that he submitted his disclosure form in January 2013. As discussed above, whether plaintiff is able to produce this information directly bears on whether the Court will grant plaintiff's motion to compel the City to produce other tax preparers' disclosure forms. This same disclosure (or lack thereof) will demonstrate whether plaintiff's answer to the related interrogatory is complete or not. Thus, it is premature to grant the City's motion to compel at this juncture.

The Court agrees with the City that it *seems* plaintiff should have documentation of his alleged disclosure form submission in January 2013 and notes that plaintiff has argued himself into a pickle. To win his own motion to compel as to other tax preparers' disclosure forms, plaintiff essentially must produce what the City seeks to compel – information he claims he does

not have, but information that if he does have, he should have produced in the first instance. Additionally, evidence of the January 2013 submission appears integral to plaintiff's claim that he "was denied the ability to practice as a tax preparer of federal tax returns (within the City of Chicago limits) at times between January and March 12, 2013." (Dkt. 62, p. 36) (Plaintiff's Fourth Amended Complaint.) Not having such evidence may therefore pose a problem for plaintiff's case down the road.

Moreover, as the Court explained in detail at oral argument, any failure to produce responsive documents presents a potential issue plaintiff may need to deal with at a later date. *See, e.g.*, Fed. R. Civ. P. 56 (c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed *must support* the assertion by citing to [*inter alia*] interrogatory answers . . . .") (emphasis added). The production of any responsive documents (if plaintiff chooses to respond to these interrogatories in that manner) is plaintiff's responsibility. If plaintiff has failed to fully produce responsive documents or meet his continuing obligation to supplement his initial responses, counsel is forewarned plaintiff may face significant negative consequences, including the inability to use such information on motion, at a hearing, or at trial; fees; and sanctions. *See* Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(e)(1)(A). The Court assumes that counsel understands this obligation and will supplement this response if necessary. Therefore, the City's motion to compel as to these two interrogatories is denied.

**Interrogatory #12**

The City requests that plaintiff state the facts on which plaintiff relies in support of his damages estimate. (Dkt. 95, p. 3.) The City argues that plaintiff's response is incomplete because the documents referenced therein do not demonstrate damages totaling the alleged $12,500. (*Id.*) As with interrogatories #10 and #11, based on the record before this Court, this is

an issue of whether additional documentation exists rather than a failure to respond. Plaintiff asserts he has directed the City to all documents in his possession demonstrating the facts on which plaintiff bases his damages. The City's motion to compel is therefore denied as to interrogatory #12 with the same admonitions directed to plaintiff as noted in the preceding section and in open court.

**Interrogatory #15**

The City seeks all facts supporting plaintiff's allegation that he was denied the ability to prepare federal tax returns. (*Id.*) Plaintiff responds that the interrogatory is a "legal question" and directs the City to plaintiff's brief. (*See id.*, Ex. 2, p. 5, ¶ 15.) The Court finds that the interrogatory does not ask a legal question but rather, by its very terms, seeks facts. Plaintiff shall therefore answer this interrogatory with greater specificity within ten days of this order.

**Requests to Produce #4, 5, and 6**

The City seeks to compel responses to requests to produce #4, 5, and 6, which seek discovery of documents relating to records of communications between plaintiff and the Department of Business Affairs and Consumer Protection, plaintiff's claim that he filed a disclosure form in January 2013, and plaintiff's claim he was denied the ability to practice as a preparer of federal tax returns. (*Id.*, p. 3.) These requests raise the same issue as set forth above with respect to interrogatories #10, 11, and 12. Plaintiff asserts he has fully identified and produced documents. (*See id.*, Ex. 2, p. 8-9, ¶¶ 4-6.) The City's argument that plaintiff's responses are deficient goes to whether more documents exist, rather than a failure to respond in the first instance. Accordingly, the Court denies the City's motion to compel as to these requests with the same admonitions directed to plaintiff as stated above.

**Request to Produce #8**

The City seeks documents related to damages or lost profits plaintiff suffered as a result of the City's alleged failure to approve plaintiff's disclosure form. (*Id*., p. 3.) Plaintiff objected that the request was "burdensome" and would cause a great "imposition." (*See id.*, Ex. 2, p. 9, ¶ 8.) The Court disagrees. Rather, the City narrowly tailored its request and specified documents particularly relevant to assessing damages. Notably, the City narrowly identified in its request records pertaining to the number of income tax returns prepared by plaintiff, dates on which plaintiff prepared the returns, and the amounts charged for preparing the returns. (*Id.*)

The volume and price of plaintiff's services directly impact a damages estimate. The dates enable the parties to assess a causal connection between the City's alleged delinquent response to plaintiff's form submission and any business lost as a result thereof. In other words, comparing the success of plaintiff's business before and after the alleged failure to approve would help to establish whether, and to what extent, plaintiff suffered damages in connection therewith. Additionally, because the damages valuation is essential to the ultimate resolution of this matter, both sides benefit from this production. The Court therefore grants the City's motion to compel as to request to produce #12. Plaintiff shall produce responsive documents within ten days of this order.

**Plaintiff's Deposition**

Finally, the City seeks to compel plaintiff's deposition. (*Id.*, p. 5.) In open court, plaintiff agreed that such a deposition should proceed. Therefore, the City's motion is granted. Plaintiff shall make himself available for deposition. The parties shall identify and secure for plaintiff's deposition three available dates prior to September 15, 2016. Once plaintiff's

deposition is secured, counsel and the parties may release from their calendar any dates they had secured as "back up" dates.

**Plaintiff's Motion to Extend Discovery**

In light of the resolution of the foregoing discovery matters, the City posed no objection to plaintiff's request to extend discovery [Dkt. 102]. The Court therefore grants plaintiff's motion. Discovery shall close September 30, 2016. Given the scope of discovery, amount in controversy, and the district court's previous need to reset discovery deadlines, *see* Federal Rule of Civil Procedure 26(b)(1); (dkt. 90), the parties should consider this a final extension, absent a showing of good cause.

**Conclusion**

For these reasons, plaintiff's motion to compel [Dkt. 92] is denied in part and entered and continued in part, the City's motion to compel [Dkt. 95] is granted in part and denied in part, plaintiff's motion to strike the City's motion to compel [Dkt. 99] is withdrawn, and plaintiff's motion to extend discovery [Dkt. 101] is granted.

**SO ORDERED.** **ENTERED: July 12, 2016**

M. David Weisman
United States Magistrate Judge